181140 Global Tower Assets LLC et al. v. Town of Rome et al. May it please the Court, my name is Erica Johansson and together with my co-counsel Neal Pratt, we are here today representing the appellants, Global Tower Assets and Northeast Wireless Networks. This appeal requires the First Circuit to determine as a matter of first impression whether an applicant who has been denied a permit at the local level to build a tower, a wireless telecommunications tower, is required prior to being able to bring their claim in the Federal District Court, whether they are required to first undergo a local appeal process. We are here as the appellant today because Just before you get into the complexity of that, I just want to understand one factual point about the nature of your argument. Yes. We're past the last day of the agreement, on your view, as the extension, which means we're past 150 days. Yes. And we were at the time of the planning board's activity, right? The planning board on February 10th, 2014, that was day 308, that was the last day of the last agreed upon extension. Extension, okay. So when you say we have to decide here as a matter of first impression about whether the appeals board has jurisdiction over it, on your view is that really necessary because suppose the District Court was right and the appeals board had jurisdiction to hear this and you had to go through them. Yes. If the agreement has terminated and we're past 150 days, then under the Shot Clock ruling you have a right to go into District Court for unreasonable delay, even if the District Court is right. Isn't that true? Well, you're asking me to argue the other side's position, which is that No, no, no, I'm asking a different point. I'm asking, I thought your position was that you had reached an agreement that extended the time past 150 days to 308 days, that that time period expires, has expired by the time we're into the supposed appeals process that's required before the appeals board. Let's say the District Court is right that in the abstract there's no final action until the appeals board rules. But in your particular case, even if that's true, since the agreement to extend time has expired, we're past 150 days. So are you arguing that there was unreasonable delay or no action taken and I get into court on that basis just because the town of Rome made no decision within 150 days or the period 150 days plus through the extension? We have not made that argument on appeal. The argument that we are making, see, there's a two-tier process in front of the locality. And we obtained a final decision from the planning board. We did not make a local appeal. And so there was nothing pending in front of the town at the time that the shot clock expired. They had made their final action on day 308. And so at this point, we made an election at that point saying there was a final action in front of the planning board. And instead of going in front of the putative local port of appeals to ask them to give us relief, we decided to pursue our rights under the TCA at the District Court. And what the District Court said was, no, you need to go back in front of the local board of appeals and see if you can get relief from them before you can even get into federal District Court. And what happened in between I thought you were separately arguing that the planning board unreasonably delayed things because they didn't issue a decision at all. Well, that is, yes. It's one of your arguments, right? It is absolutely part of our argument that there's unfinished business before the planning board. Right. And it's not just that there's unfinished business. If it's not final action, you say it's unfinished business. But because of the shot clock, the unfinished business of the planning board gives you a to get into federal court because we're past 150 days. Yes, absolutely. Isn't that just as true if the appeals board has jurisdiction? Well, the appeals board. The town still will not have done anything. I mean, if you tell me you're just not arguing that, then you're not. But it makes the whole thing somewhat fictional. Fictional? No. No, Your Honor. But we had a choice to make whether or not to pursue a local appeal. And that decision was made not to pursue a local appeal. And so right now, there's a 60-day appeal period. So the town says to make our appeal. That appeal period has expired. The ability to bring that appeal is at least, let's say, subject to doubt at this point. We have to perhaps demonstrate that we have good cause to have not made the appeal. You asked the district court to order an extension of that time to appeal? We did. And the district court denied that. Yes. But I don't recall that you've assigned error to that order in your briefing in this court. Well, you know, I do want to get to the heart of what we think this appeal is about. No, no, no. Just answer my question. Is that issue before us? The district court's denial of your motion to extend the time for filing with the appeals board? That is not before the First Circuit. Counsel, may I ask, if all had gone promptly before the planning board, if it hadn't taken all these extended periods of time, and then pursuant to the local procedure, you had to then go to the Board of Appeals, would you have still taken the position that you should not have to go before the Board of Appeals? What I'm trying to understand is whether it's the protracted period before the planning board that accounts for your position that you should not have to go before the Board of Appeals, or is it just a more general proposition that it is not appropriate to impose that additional requirement in this local review process? It is never appropriate under the Telecommunications Act to require that applicants who have received a final action from the initial decision maker be required to then undergo a local appeal. We have cases to the contrary, do we not? Not to my knowledge, Your Honor. Even if the local board had decided on day 45 that they were going to deny this application, that is a final action. We are saying that is a final action that is appealable to the district court without regard to taking a local appeal, because that is the definition of final action. Where do you get that from, the definition of final action? Thank you for asking, Your Honor. This is based on a 1985 U.S. Supreme Court case that determined what final action is for purposes of ripeness when you have a federal claim and you want to get into district court, and the Williamson County case. What the U.S. Supreme Court said is that final action is when the initial decision maker at the local level comes to a final position on the matter that inflicts actual injury on the applicant, and that is exactly where we are right now. Do you no wonder, Williamson County, whether something is treated as ripe if a state court would refuse to take review of a local land use decision because in the state court's opinion, that is a very astute question, Your Honor, and I think what you are essentially asking is does state law determine when the action is ripe? And my answer would be that ripeness is determined for purposes of opening the doors to federal court on a federal question is determined at the federal level, not based on whether state courts would take jurisdiction of the claim. Is that a way of saying that there are cases that say land use decisions are ripe under Williamson even when the state courts would not treat the local decision that's being challenged as a taking as something that could get reviewed in state court? Well, I'm not aware of that. I do believe that's our case. That's the difficulty here, right, is that under Maine law, assuming certain factors I know are disputed, the state court of Maine will not hear this challenge. So it raises the question, why would the federal court be able to step in before a state court would hear it? Because we've got a federal question. So I know, but the question is how to interpret the federal question, and the federal question seems to be trying to balance on the one hand a need to get review, and on the other hand federalism principles in the conference report refers to the thing you don't have to go through the state court remedial process. Yes. Totally understandable. As I understand the town's position, they're not saying you have to go through the state court remedial process. You just have to reach the end of the line through the state and local processes before you get to the state court remedial process. And you're saying you can jump the line. You can get to federal court quicker than you could state court. Well, we are saying that, look, state court has concurrent jurisdiction if they're, actually I'm not sure about that. Let me set that aside. I am not sure if the state court could take jurisdiction of this case just based on the federal question under the TCA as to whether we were effectively prohibited from providing service within the town of Rome. I'm not sure about the answer to that question, but what I do know is that under the TCA final action has a definition that's to be interpreted under the extant federal law of the Supreme Court, and Congress was presumed to be aware of the Williamson decision in 1996 when they But what that translates into is an argument that under the TCA, as you interpret it, a municipality is limited to a single decision maker, that if the municipality says this is to be considered in the first instance by, say, the planning board or, say, the zoning board, that that's it, and the fact that they have an appeals board or a zoning board of some decision by that body would be reviewed within the town by another body is immaterial for TCA purposes. That is what we are saying. That is what we are saying. Do you have any case that says that? Well, it's not always the case that a person is required to exhaust their administrative Let me just answer my question. Do you have any case that says that a town or a city is limited to one decision maker within its own limits? Because Omnipoint in Osserka kind of indicates the contrary. Well, Omnipoint, actually, the zoning board of appeals in Cranston was the initial decision maker. No, I know that, but the language in Omnipoint indicates that there may be levels of review within a community. The language in Omnipoint indicates that that finality must be achieved by the agency. Now, one of the questions here is, is the town of Rome its own instrumentality, or is the planning board the instrumentality of the town of Rome? So do I take that rather circuitous answer to be that you have no case that says that under the TCA, a town is limited to a single decision? Well, I would point you back to Williamson County. There is But that's not a TCA case. It is not a TCA case, but it's a case about ripeness. You're not even limited on, you don't have a case saying you're even limited under Williamson County. In other words, even under Williamson County, it might be that it's not ripe until the second appeal occurs. No. Do we know the answer to that? That's incorrect, Your Honor. Williamson County was very clear on distinguishing between finality and exhaustion of administrative remedies. And if you take a look at the language that the Supreme Court used in distinguishing it, it said finality is about the initial decision maker. That's true, but in a case in which the state courts took the position that it will not review a local land use decision until there is exhaustion, Williamson County is silent on that question. Well, I believe it's appropriate to infer when the Supreme Court said that the applicant would, of course, not be required to appeal to the local zoning board of appeals before bringing their taking action. Because in that case, the state courts didn't require it before they'd review it. I don't believe that that's the holding by the Supreme Court. I don't think that... That's the rule under the APA. If you are mandated to go to an appeal within the administrative system, the federal administrative system, it's not final agency action until the appeal is completed under the APA itself. That is the APA, not the TCA. There is no exhaustion requirement that's written into the TCA. And the point here is that we're talking about the difference between finality and exhaustion. We're in an exhaustion regime now. The federal district court applied a de facto exhaustion requirement without determining that exhaustion is required. Counsel, excuse me. I... Correct me if I'm wrong. I thought the state of the law was this, and it seems to me Omnipoint at least supports this proposition that if there's a local planning board decision and the next step would ordinarily be resort to the state court, that that argument that there is still a chance to appeal to a state court does not affect the finality of the decision of the planning board. There are cases that I think are very clear to that point, but if there is a local review process that involves an appeal from a planning board to a board of appeals as we have here, that in deference to the local procedure, and that is at least one consideration under the TCA, that we do not have finality until that locally determined second administrative step is taken. I thought that was a dichotomy, if you will, that is well established in the cases. And here you have a situation where you do have this local determination that a second step is necessary before the local process is completed. In respect, your honor, there are none of the cases factually have addressed this issue before. Either the situation has been that there is another avenue to obtain relief, there's more than one step that can be taken in front of the initial decision maker, or there are different bodies that can provide different forms of relief to get to where the applicant wants to go, in which case there wasn't finality, or the initial decision maker has made their final action and the court has said, you know, the argument that you need to go to state court doesn't win the day, municipality, final action has been taken. There are no cases under facts such as here where there was a final action taken by the initial decision maker, and the district court said, no, you have to go back for a second round. You're imposing that label on the decision of the planning board. You're asking us to accept your characterization. Well, no, I'm asking the court to recognize that the wireless ordinance itself in sections 2 and 10 places that authority solely with the planning board at the local level. It says that no applicant, no one shall be permitted to build a wireless telecommunications tower in the town of Rome without first getting a special use permit from the planning board. The wireless ordinance itself dictates that the planning board is the initial decision maker here, and all we're saying is the district court imposed an additional exhaustion requirement that didn't recognize that the final action of the initial decision maker was made. Thank you. Thank you. Thank you. Thank you, Your Honors. May it please the court, Ted Small for the appellees. The central question here, which I think a lot of the court's questions of the appellants have gotten to, is how do you interpret the Telecommunications Act in a way that harmonizes the two goals that are seemingly disparate? That is, the goals of federalism, protecting and preserving local control, and then the other goal of furthering the federal interest of developing telecommunications technology. The only way to interpret... Let me see if I can get you off on a different tangent, because this is bothering me. You will agree that it's a basic tenet of not only administrative law, but many other kinds of law, that a person shouldn't be required to do a futile act. Can you agree to that? That is true. Okay. At least in many circumstances. The TCA gives the town 150 days in order to pass upon the TCA application, and that period in this case is extended by agreement and properly solved, so it's 300 some odd days. And on the very last day of that period, the town issues what you say is a written decision, finding some conclusions which you characterize probably properly as a written decision. Right? You now say that the... That can't be reviewed by a court because there's further action required by the town. But the town is out of time at that point. The 150-day period as extended is odd. Actually... Then you're right up against the failure to decide provision of the TCA. Actually that taps right into the point I was making in the opening, that the TCA contemplates that exact situation. Any applicant confronted with a situation where they're trying to get final action from a town, and final action does not come within the presumptive deadlines at least of the shot clock, can bring a failure to act claim under the TCA. They are not required under the TCA. We're not saying that the applicants are required to continue with the municipal process and not pursue any claim under the TCA. If they think there's been a failure to act, they can bring that claim. They didn't bring a failure to act claim here, did they? They didn't bring a proper one, no, your honor. Because they were saying that the failure to act was the lack of a written decision. Right. They were conflating the written decision claim, which is really a claim brought as a final action. So your vision is they've waived a potential argument they would have had, which is that because the appeals process is going to extend further, that would be a failure to act. That might have been an available thing, but they waived it. And the reason you say they waived it is that they're free to waive it because maybe they prefer to actually get a good ruling through the state and local processes before jumping into federal court. Because if they do, that's probably better for the harmony of them going forward and getting along with the town and a thousand other things. Right. If they want to pursue that, they're free to pursue it. That's correct. And that's a decision any applicant can make when confronted with what they think is a conceivably they could, if they want to, bring a claim for failure to act. Can I ask you something practically how it works under the TCA? Suppose I go into federal court and bring my suit as an unreasonable delay claim. Right. Compared to I bring my suit as a challenge to final agency action claim. Practically speaking, is there a difference? One that occurs to me, I don't know if this is right. In the final action case, I've got a decision that I'm appealing and that we challenge. Is there substantial evidence to support it? In an unreasonable delay case, what happens? I mean, obviously there's no substantial evidence to support the decision. There was no decision. Right. So do you automatically win and say there's no substantial evidence to support it or are you just that issue is not before the court under the statute? So what turns on whether the way you're in court is under final action versus unreasonable delay? Is that anything that we could get guidance on? Well, I think as far as I know, the case law on that question is perhaps not non-existent but very thin. It appears to me that a court under a failure to act claim, really under any claim brought under the TCA, has broad discretion in what type of order it may issue. So conceivably an applicant frustrated with delay on the part of the town and not wanting to try to continue with the local process could bring a failure to act claim and ask the court to issue some sort of order directing the town to act within a certain timeframe. But the court would also have the power, as I understand the failure to act claim, to simply order the ultimate relief, to simply order the town to grant the permit. I think that's correct. In fact, I think there's a broad range of remedies. So it's meaningfully different. The range of remedies might be different on the failure to act claim than they would be if you're just challenging an actual decision. I think on an actual decision, certainly if a court were to find that. Then you've got the substantial evidence standard that applies and all of that. Right. And if the locality met the substantial evidence standard, then presumably the locality would prevail. If it did not meet that standard, then again, I think you go back into the world of. So it matters what theory you're coming up on, not just whether you can get into court at all. Right. Counsel, can I ask you about the nature of the local appeals process? I understood your briefs to extol the proposition that it's really a de novo process before the Board of Appeals, suggesting as a virtue, as the way you seem to present it, that they have a chance to make the entire case anew before the Board of Appeals, all of which suggests that the very lengthy process that has already unfolded is just going to unfold again at the next step. And at some point, even if there is an attempt to sort of honor local decisions as to how the appeal process should play out, you reach a point where that local appeal process is so antithetical to the objectives of the TCA that you cannot let it control. And we may have a situation like that here. What is the nature of the appeal to the Board of Appeals? Is it de novo? It is de novo, Your Honor. What does that mean? It means that the proceeding, the Board of Appeals can proceed anew here, whatever evidence is presented. And they can say we're going to start all over again? Well, a couple of things could happen. Sounds like that's what you're saying. The parties could agree to submit right out of the town of Sedgwick case cited in our briefs. Parties could agree to submit the transcripts of what occurred at the prior proceeding. Only the Board of Appeals would then be charged with making its own independent decisions based on what was presented. But it sounds like the Board could say, no, no, we don't want to do that. We want to hear everything that the planning board heard in exactly the way that they heard it. We want to do this all over again. I believe the town of Sedgwick case, there's a footnote in that case that says the parties can, by agreement, agree to submit the evidence that was heard below, the proceeding below, only that the Board of Appeals would then hear that evidence but make its own independent conclusions based on it. But your position is that, but no problem, because if it's taking too long and you're past the Shotcock ruling, then the company can always bring an unreasonable delay claim. But if what they want is a federal court to review a final decision of the town, they have to abide by what state law treats as a final decision of the town, which can't occur, according to the state courts, until the planning board has been reviewed by the appeals board or the time for making such an appeal has run. That's absolutely right. There's been sort of a conflation of the different types of claims in the briefing. If at any point an applicant thinks the process is dragging out too long, whether it's in the appeal stage or the initial decision-maker stage, wherever it is, provided you're outside of the Shotcock presumptive deadlines, you can go to federal court and seek relief. So it's in that context that an applicant such as the one here could argue that, yeah, there is this local appeals process, but the way it has been designed is incompatible with the goals of the TCA. Really, it's an unreasonable procedure. It necessarily imposes unreasonable delays. Yeah, I don't even know that they'd have to go that far in making the argument. I think technically after you get past either the presumptive deadline or any agreed-to deadline, within 30 days after that date, the applicant can bring a claim in federal court saying there's been a failure to act and can add to that that the process has been unreasonable because, of course, the town, the municipality has the ability to rebut the presumption of the Shotcock. And presumably a municipality might try to say, well, we're trying to exhaust our local procedures, go through our local procedures. We haven't had an opportunity to, and that's where the applicant would have the ability to say, well, it's unreasonable. This is extended well past what the TCA or the Shotcock ruling anticipate. But you're saying that has nothing to do with what counts as final action. Those are just separate inquiries. That's right. The question of whether the process is too long might bear on whether it's an unreasonable delay. But whether it's final action, we look at that by just determining under state law, is this another required process you have to go through if you want to get into state court? That's right, and I think that reading is the one that harmonizes the two goals of the TCA because it gives the municipality an opportunity, at least, to go through the process that it has designated for these applications. And if that process takes too long or is otherwise unreasonable, there is a remedy available. So the federal interest is protected and the local interest is protected. And with respect to the unreasonable delay argument of this kind as opposed to no decision being written, that's just waived in the town's position. That's correct. Thank you, Your Honors.